LUCY RAYNOR, an Infant, by JOHN J. CARMAN, Her Guardian ad Litem, Appellant, *v.* NEW YORK AND LONG ISLAND TRACTION COMPANY, Respondent.

*Raynor* v. *N. Y. & L. I. Traction Co.*, 166 App. Div. 927, affirmed. (Argued December 17, 1917; decided January 8, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

January 19, 1915, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial in an action for assault and battery, to wit, the wrongful ejectment of plaintiff from a car of the defendant. The defendant operates a street surface railroad in the town of Hempstead, Nassau county, under certain franchises granted by the board of highway commissioners of the town of Hempstead and the board of supervisors of the county. It is the construction of those franchises, particularly those granted by the board of highway commissioners, which is the subject of this appeal. The plaintiff became a passenger on one of the cars of this defendant company at a point known as stop 81, Milburn avenue, Baldwin, intending to go to Garden City. The distance is in round numbers eight miles. She paid a fare of ten cents to the defendant's conductor. She traveled a distance easterly along the route of the second franchise of 1,850 feet to the westerly boundary of the village of Freeport. She continued on the same car, over the route covered by the grant of the village of Freeport, easterly and then northerly to the northerly boundary line of the village of Freeport, the point of beginning of the route of the first grant. She then continued, on the same car, along the route of this first grant, northerly as far as a point just north of the incorporated village of Hempstead, that is, to the Long Island Railroad crossing at that point. She had traveled on the defendant's railroad a distance of 7.759 miles. when she was ejected by employees of the defendant company for refusing to pay a further fare of five cents for the distance to be traveled, from the crossing above mentioned, to her destination, a distance of about 2,100 feet. It is the contention of the plaintiff, appellant, that she was entitled to complete passage to her destination for the fare of ten cents paid, a distance of eight miles, and that her ejectment was unlawful.

*Elvin N. Edwards* and *Harvey J. George* for appellant.
*Henry J. Smith, Arthur G. Peacock* and *James L. Quackenbush* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: CHASE, COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.